ROBERTS, Acting Chief Justice.
This cause is before the court on appeal to review a judgment of the Circuit Court of the Second Judicial Circuit of Florida, in and for Gadsden County, validating Revenue Certificates, Series 1969, in the amount of $400,000.00, proposed to be issued to finance the cost of constructing, furnishing and equipping a branch of the county jail to comprise a prison camp with supplementary facilities. The Certificates are payable solely from taxes collected from the operation of pari-mutuel pools accruing annually to Gadsden County under the provisions of the Constitution of Florida and Chapters 550 and 551 and other applicable Florida Statutes and allocated by law to the Board of County Commissioners.
The validation of the Certificates was contested by the States Attorney for the Second Judicial Circuit of Florida, the appellant herein. The sole question involved in that court and here, is whether the Legislature can constitutionally, by the provisions of Section 9 of Chapter 69-1071, Laws of Florida, Special Acts of 1969, authorize Gadsden County to make a contract which would preclude future legislatures from pre-
empting the pari-mutuel money pledged to the payment of the principal of and interest on such Certificates. The Circuit Court held the contention of the State that the Certificates should not be validated was without merit, stating, “Any future legislature may preempt so much of said money as is not required to pay obligations of which the holders have a vested right to the continued allocation, but this principle does not prevent one legislature from authorizing the vesting of such rights. The power to make any contract or authorize any contract includes the power to grant vested rights, which a future legislature cannot impair; the Constitution contains no express limitation on the power of a legislature to anthorize such a contract, and the power to preempt the tax does not imply such a limitation. The recital[1] in the form of certificate prescribed by said Resolution Number 69RC-1 referring to the covenant contained in Section 9 of Chapter 69-1071, Special Acts, Laws of Florida 1969, Regular Session, is hereby specifically approved.”
We agree with the reasoning of the Circuit Court and further note that the Legislature has the power under the Constitution of 1968, Section 7, Article VII, F.S.A., as it had under the Constitution of 1885, Section 15, Article IX, F.S.A., to allocate the parimutuel money to the counties and to enact legislation empowering them to finance projects such as that involved in this suit.
The Final Judgment validating the Revenue Certificates should be and it is hereby
Affirmed.
DREW, CARLTON, ADKINS and BOYD, JJ., concur.

. “By Section 9 of Chapter 69-1071, Special Acts, Laws of Florida 1969, Regular Session, the Legislature of the State of Florida has covenanted with the holders of the certificates of the issue of which this is one that it will not enact any law which will repeal, impair or amend, in any manner, the rights of such holders or the security of the taxes collected from the operation of pari-mutuel pools which may he pledged to the payment of the principal of and interest on such certificates.”